# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-18-00445-CV
---

**Texas Association of Business; National Federation of Independent Business; American Staffing Association; LeadingEdge Personnel, Ltd.; Staff Force, Inc.; HT Staffing Ltd. d/b/a The HT Group; The Burnett Companies Consolidated, Inc., d/b/a Burnett Specialists; Society for Human Resource Management; Texas State Council of The Society for Human Resource Management; Austin Human Resource Management Association; Strickland School, LLC; and The State of Texas, Appellants**

**v.**

**City of Austin, Texas, and Spencer Cronk, City Manager of The City of Austin, Appellees**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 459TH JUDICIAL DISTRICT NO. D-1-GN-18-001968, HONORABLE TIM SULAK, JUDGE PRESIDING
---

# O R D E R

**PER CURIAM**

Appellants move pursuant to Texas Rule of Appellate Procedure 29.3 requesting that, during the pendency of this interlocutory appeal, the Court enjoin the appellee City of Austin's paid-sick-leave ordinance, scheduled to take effect on October 1, 2018.[1] In the alternative, appellants

---

[1] Appellants include the following group of private-sector plaintiffs: Texas Association of Business; National Federation of Independent Business; American Staffing Association; LeadingEdge Personnel, Ltd.; Staff Force, Inc.; HT Staffing Ltd. d/b/a The HT Group; The Burnett Companies Consolidated, Inc., d/b/a Burnett Specialists; Society for Human Resource Management; Texas State Council of The Society for Human Resource Management; Austin Human Resource Management Association; and Strickland School, LLC ("private-sector plaintiffs"). The State of Texas, who intervened in the suit, is the other appellant. The appellees are the City of Austin and its city

request that we accelerate the appellate schedule in light of the ordinance's October 1, 2018 effective date. Because we conclude that enjoining the ordinance is necessary to preserve the parties' rights until disposition of the appeal, we will grant the appellants' motion for temporary relief.

Rule 29.3 gives this Court authority to "make any temporary orders necessary to preserve the parties' rights until disposition of the [interlocutory] appeal." Tex. R. App. P. 29.3. Applying the Rule 29.3 standard, we conclude that the private-sector plaintiffs and the State have made a clear showing that enjoining the ordinance from taking effect during the pendency of this appeal is necessary to preserve the parties' rights.[2] Accordingly, we grant the motions for emergency relief and order that the ordinance is enjoined from taking effect while the appeal is pending.

The Court on its own motion extends the time for the City to file its appellees' brief.[3] The City's appellees' brief and the cross-appellees' briefs are due on **September 6, 2018**. The reply briefs, if any, will be due 15 days after the date of filing of the appellees' and cross-appellees' briefs.

manager (collectively,"the City").

[2] Recognizing that the appeal is from an order denying an application for temporary injunction, we note that our disposition of the motion for temporary relief should in no way be read as a comment on the merits of the underlying appeal. The standard for a trial court to grant or deny an application for temporary injunction differs from the standard for this Court to grant a request for temporary orders under Rule 29.3. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (applicant for temporary injunction "must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim," and "[a]n injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard"). Our analysis under Rule 29.3 as to what is necessary to preserve the parties' rights may encompass some of the factors relevant to the temporary-injunction analysis, including consideration of the potential harm to the parties that may occur in the absence of temporary relief and the adequacy of the available remedies, but it is a different animal.

[3] We grant in part the City's pending motion for extension of time to file its cross-appellants' brief. Accordingly, the City's cross-appellants' brief is filed as of August 17, 2018.

2

*See* Tex. R. App. P. 38.6(d).  Because all parties have an interest in the prompt resolution of this case, further requests for extensions of time will be disfavored.

It is so ordered August 17, 2018.

Before Chief Justice Rose, Justices Pemberton and Field